IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

KENDRICK SLAUGHTER, NADJA WALKER,
ANTJUAN JETHROW, ALMA WREN, MATTIE COLLINS,     **PLAINTIFFS**
JINISHA SIMONDS, DAISY LANDRUM, CORTEZ LANDRUM,
NANNETTE TANKSLEY, AND DEION SANDERS on Behalf of Themselves
and Others Similarly Situated

v.      CAUSE NO.: 1:17cv210-GHD-DAS

**NORTH ATLANTIC SECURITY COMPANY,**     **DEFENDANTS**
**AND JOHN DOES 1 -20,**
**Individually**

## COLLECTIVE ACTION COMPLAINT
## JURY TRIAL DEMANDED

For their Complaint against North Atlantic Security Company, and John Does 1-20, Individually ("Defendants"), Plaintiffs Kendrick Slaughter, Nadja Walker, Antjuan Jethrow, Alma Wren, Mattie Collins, Jinisha Simonds, Daisy Landrum, Cortez Landrum, Nannette Tanksley, and Deion Sanders ("Plaintiffs") states and alleges upon information and belief, and on behalf of themselves and others similarly situated individuals, as follows:

### SUMMARY

1. Defendants failed to pay Plaintiffs and other similarly situated employees a minimum wage, and failed to pay over time wages pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA").

## JURISDICTION & VENUE

2. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, because this action is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

3. Venue is proper under 28 U.S.C. § 1391, because Defendants are doing business and have a principal place of business in this district and, upon information and belief, a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

4. Plaintiff, Kendrick Slaughter, is a resident of Lowndes County, Mississippi, and worked as a security guard for Defendant North Atlantic Security Company, it's Columbus, Lowndes County, Mississippi location, during the relevant statutory period, within three (3) years prior to commencement of this litigation. Plaintiff Slaughter was Defendants' employee within the meaning of FLSA, 29 U.S.C. § 203(e).

5. Plaintiff, Nadja Walker, is a resident of Lowndes County, Mississippi, and worked as a security guard for Defendant North Atlantic Security Company at it's Columbus, Lowndes County, Mississippi location during the relevant statutory period, within three (3) years prior to commencement of this litigation. Plaintiff Walker was Defendants' employee within the meaning of FLSA, 29 U.S.C. § 203(e).

6. Plaintiff, Antjuan Jethrow, is a resident of Lowndes County, Mississippi, and worked as a security guard for Defendant North Atlantic Security Company at it's Columbus, Lowndes County, Mississippi location during the relevant statutory period, within three (3) years prior to commencement of this litigation. Plaintiff Jethrow was Defendants' employee within the

meaning of FLSA, 29 U.S.C. § 203(e).

7. Plaintiff, Alma Wren, is a resident of Kemper County, Mississippi, and worked as a security guard for Defendant North Atlantic Security Company at it's Columbus, Lowndes County, Mississippi location during the relevant statutory period, within three (3) years prior to commencement of this litigation. Plaintiff Wren was Defendants' employee within the meaning of FLSA, 29 U.S.C. § 203(e).

8. Plaintiff, Mattie Collins, is a resident of Laurderdale County, Mississippi, and worked as a security guard for Defendant North Atlantic Security Company at it's Columbus, Lowndes County, Mississippi location during the relevant statutory period, within three (3) years prior to commencement of this litigation. Plaintiff Collins was Defendants' employee within the meaning of FLSA, 29 U.S.C. § 203(e).

9. Plaintiff, Jinisha Simonds, is a resident of Laurderdale County, Mississippi, and worked as a security guard for Defendant North Atlantic Security Company at it's Columbus, Lowndes County, Mississippi location during the relevant statutory period, within three (3) years prior to commencement of this litigation. Plaintiff Simonds was Defendants' employee within the meaning of FLSA, 29 U.S.C. § 203(e).

10. Plaintiff, Daisy Landrum, is a resident of Sumter County, Alabama, and worked as a security guard for Defendant North Atlantic Security Company at it's Columbus, Lowndes County, Mississippi location during the relevant statutory period, within three (3) years prior to commencement of this litigation. Plaintiff Landrum was Defendants' employee within the meaning of FLSA, 29 U.S.C. § 203(e).

11. Plaintiff, Cortez Landrum, is a resident of Sumter County, Alabama, and worked as a

security guard for Defendant North Atlantic Security Company at it's Columbus, Lowndes County, Mississippi location during the relevant statutory period, within three (3) years prior to commencement of this litigation. Plaintiff Landrum was Defendants' employee within the meaning of FLSA, 29 U.S.C. § 203(e).

12. Plaintiff, Nannette Tanksley, is a resident of Kemper County, Mississippi, and worked as a security guard for Defendant North Atlantic Security Company at it's Columbus, Lowndes County, Mississippi location during the relevant statutory period, within three (3) years prior to commencement of this litigation. Plaintiff Tanksley was Defendants' employee within the meaning of FLSA, 29 U.S.C. § 203(e).

13. Plaintiff, Deion Sanders, is a resident of Noxubee County, Mississippi, and worked as a security guard for Defendant North Atlantic Security Company at it's Columbus, Lowndes County, Mississippi location during the relevant statutory period, within three (3) years prior to commencement of this litigation. Plaintiff Sanders was Defendants' employee within the meaning of FLSA, 29 U.S.C. § 203(e).

14. The class of similarly situated employees ("the Class") consists of all persons employed by Defendants at any of their business locations identified herein in the last three years and whose hourly rate during any of their work week was less than the applicable minimum wage, and who Defendants failed to pay overtime wages as alleged herein.

15. North Atlantic Security Company is an Indiana Corporation, with their principal place of business in Columbus, Lowdnes County, Mississippi. It may be served with process through its registered agent, CT Corporation System, 150 West Market Street, Suite 800, Indianapolis, IN, 46204. Said Defendants also engage in their business of providing security

guard services at it's locations in Columbus, Mississippi, Huntsville, Alabama, Baton Rouge, Louisiana, Pompano Beach, Florida, Knoxville, Tennessee, Georgia, Texas, and Arkansas.

16. Defendants' gross volume of sales of their services exceeds $500,000 per year, exclusive of excise taxes, and Defendants conduct their aforesaid businesses in interstate commerce. Defendants, Atlantic Security Company, and John Does 1-20 offered and provided security services to various customers. The Annual Dollar Volume (ADV) from the sale of said services of these individual enterprises is in the multi-million dollar range which is greatly in excess of the required ADV of $500,000 for FLSA enterprise coverage under 29 U.S.C. 203(s)(1)(A). Plaintiffs and members of the proposed class are covered on an individual basis under FLSA since they are engaged in the sale of and providing of services for interstate commerce. 29 U.S.C. 216(b) permits the Plaintiffs to bring private law suits to collect back wages on behalf of themselves and the class described herein.

17. John Doe 1-20 are joint or co-owners, or agents of Defendant, North Atlantic Security Company, acting with Defendant North Atlantic Security in committing violations of FLSA as alleged herein. Their true identities are not yet known to Plaintiffs. Plaintiffs will move to amend and assign their true identities once known to Plaintiffs.

## FACTS

18. Plaintiffs bring this action on behalf of themselves and all other similarly situated individuals pursuant to the FLSA, 29 U.S.C. § 216(b). Plaintiffs and the similarly situated individuals work or worked for Defendants as security guards, at any time from three years prior to the filing of this Complaint to the entry of the judgment in this action.

19. During the relevant statutory period, Plaintiffs and the similarly situated individuals regularly worked over forty (40) hours per week without receiving proper compensation for their overtime hours worked.

20. As above outlined, at the times pertinent to this complaint, Defendants failed to comply with the Fair Labor Standards Act, in that Plaintiffs and other employees similarly situated worked for Defendants in excess of the maximum hours provided by the Act, but provision was not made by Defendants to pay Plaintiffs and other employees similarly situated, payment for work in excess of the maximum hours provided for by statue at the rate of time and a half their regular rate of pay; moreover, Plaintiffs and other employees similarly situated have been forced by Defendants to work for periods during which the minium wage provided for in the Act was not paid and more particularly for which no payment whatever was made by Defendants to Plaintiffs and other employees similarly situated, all in violation of the Fair labor Standards Act.

## COUNT I

## COLLECTIVE ACTION ALLEGATIONS

21. Plaintiffs bring Count I in this Complaint on behalf of themselves and other similarly situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiffs and the similarly situated individuals are individuals who are currently or have been employed by Defendants at any of their locations identified herein as security guards providing security services to customers of the Defendant.

22. During the applicable statutory period, Plaintiffs and the Collective Class routinely worked in excess of forty (40) hours per week without receiving overtime compensation for all overtime hours worked, and hence, also were not receiving minimum wages. Defendants were aware that Plaintiffs and the Collective Class were working overtime hours because Plaintiffs and the

similarly situated individuals were required to work such hours by agents/employees of Defendants. Hence, Defendants were aware of the specific times Plaintiffs and the Collective Class were working at each jobsite as required by Defendants.

23. Although they regularly worked more than forty (40) hours per week, Plaintiffs and the Collective Class did not receive proper overtime pay from Defendants.

24. During the applicable statutory period, Defendants failed to keep accurate time records for all hours worked by Plaintiffs and the Collective Class.

25. Defendants' conduct as described above was willful and in bad faith. Upon information and belief, Defendants received numerous complaints from employees regarding Defendants' failure to pay overtime pay for hours worked over forty (40) per week. Upon information and belief, when coworkers of Plaintiffs inquired of Defendants' agents and supervisors about why they were not paid overtime, Defendants explained that Defendants simply did not pay for such overtime and threatened to terminate Plaintiffs for further complaints. In addition, Plaintiffs are aware of other workers similarly situated being reprimanded for complaining about not being paid for overtime hours worked.

26. These practices violate the provision of the FLSA, 29 U.S.C. §201, et seq. including, but not limited to, 29 U.S.C. § 207. As a result of these unlawful practices, Plaintiffs and the Collective Class have suffered loss of wages.

27. Plaintiffs also seek liquidated damages for Defendants' intentional and knowing acts of failure to pay Plaintiffs, and the Class, wages as alleged herein. By reason of Defendants' refusal to pay the unpaid minimum wages and overtime due Plaintiffs and other employees similarly situated, it has been necessary for them to employ attorneys to prosecute this cause for them, and

incur a reasonable charge for their attorney's fees.

28. Plaintiffs, bring this case as an "opt-in" collective action on behalf of similarly situated employees of Defendants pursuant to 29 U.S.C. § 215(b).

29. Plaintiffs, on behalf of themselves and the Class, seek relief on a collective basis challenging Defendants' pay and practice of failure to pay overtime and/or minimum wages as alleged herein.

30. The total number and identities of the Class may be determined from the records of employment, including, but not limited to, time cards, check stubs and earnings records of the Plaintiffs and class employed by Defendants.

31. The claims of Plaintiffs, are similar, typical, and common to the Class because they and the Class have been required to participate in an illegal payment scheme as above alleged and have been unlawfully denied payment of the Federal minimum wage and overtime. Furthermore, the Class is so numerous that joinder would be impracticable.

32. Plaintiffs' experiences are typical of the experiences of the Class.

33. Defendants' failure to pay minimum wage and to pay overtime wages at the rates required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of Plaintiffs or the Class.

34. Specific job titles or job duties of the Class do not prevent collective treatment.

35. All potential members of the Class, irrespective of their particular job duties, are entitled to the difference between their hourly rate and the applicable minimum wage for all hours worked, and payment for over time hours worked at time and a half their regular rate of pay.

36. Although the issue of damages can be individual in character, there remains in this case, a common nucleus of liability facts.

## COUNT II

## FAIR LABOR STANDARDS ACT
### (Overtime Violations)

37. Plaintiffs re-allege and incorporate the above paragraphs by reference as if fully set forth herein.

38. The FLSA, 29 U.S.C. §207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked over forty hours per work week.

39. Defendants suffered and permitted Plaintiffs and the Collective Class to routinely work more than forty (40) hours per week without overtime compensation.

40. Defendants' actions, policies, and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the Collective Class at the required overtime rate.

41. Defendants knew, or showed reckless disregard for the fact, that they failed to pay these individuals overtime compensation in violation of the FLSA.

42. As the direct and proximate result of Defendants' unlawful conduct, Plaintiffs and the Collective Class have suffered and will continue to suffer a loss of income and other damages. Plaintiffs and the Collective Class are entitled to wages or unpaid wages, liquidated damages, and attorneys' fees and costs incurred in connection with this claim.

43. By failing to accurately record, report, and/or preserve records of hours worked by

Plaintiffs and the Collective Class, Defendants have failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, et seq.

44. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a) as Defendants knew, or showed reckless disregard for the fact that their compensation practices were in violation of these laws.

45. Defendants have a policy and practice of failing to pay the prevailing minimum wage and failure to pay over time wages properly. Such policy and practice were intentionally and willfully instituted and followed, and violates the FLSA 29 U.S.C. § 209(m) and 201 U.S.C. 216(b).

46. Defendants knew or should have known that their policies and practices relating to the non-payment of minimum wages and over time violate the FLSA.

47. Defendants have not made a good faith effort to comply with the FLSA.

48. Rather, Defendants have knowingly, willfully, and/or with reckless disregard, carried out, and continue to carry out their illegal payment practices in violation of the FLSA as above outlined.

49. Plaintiffs and the Class are entitled to the difference between their hourly rate and the prevailing wage for all hours worked, and the amount they received from Defendants for compensation, and one and one-half such amount of wage for overtime hours worked.

50. Plaintiffs re-allege and incorporate all averments set forth in Paragraphs 1 through 49 above as if fully incorporated herein. Defendants fraudulently misrepresented to the Plaintiffs that they were not owed overtime wages because they were exempt employees under the FLSA while intentionally and falsely representing hours worked and failure to pay overtime for same.

51. In addition, Plaintiffs and the Class are entitled to an amount equal to their unpaid wages as liquidated damages, as well as reasonable attorney's fees and costs of this action. 29 U.S.C. § 216(b).

## COUNT III

## FRAUDULENT MISREPRESENTATION

52. Plaintiffs re-allege and incorporate all averments set forth in Paragraphs 1 through 51 above as if fully incorporated herein.

53. Defendants fraudulently misrepresented to the Plaintiff that they were not owed overtime wages or minimum wages, and further intimidated, harassed, and threatened termination of Plaintiffs and the class when inquiry was made regarding payment of overtime wages or minimum wages.

## JURY DEMAND

54. Plaintiffs demand a trial by jury of this action

## PRAYER

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

A. That notice of this action be given to all similarly situated individuals as soon as possible;

B. That the practices of Defendants complained of herein be determined and adjudicated to be in violation of the FLSA, 29 U.S.C. §201 et seq.;

C. That the practices of Defendants complained of herein be determined to be a willful violation of the FLSA, 29 U.S.C. §201 et seq.;

D.     For damages in the amount of Plaintiffs' and the Collective Class' unpaid overtime wages, an equal amount as liquidated damages, interest, all costs and attorney's fees incurred in prosecuting this claim, and all other relief available under the FLSA;

E.     Plaintiffs demand a trial by jury.

F.     That Plaintiffs be granted leave to amend the Complaint to add state law claims if necessary; and

G.     For all such other relief as the Court deems equitable and just.

                                                 Respectfully submitted,

                                             */s/ W. Howard Gunn*
                                             **W. HOWARD GUNN**
                                             **ATTORNEY FOR PLAINTIFFS**

**W. HOWARD GUNN**
**ATTORNEY AT LAW**
**310 SOUTH HICKORY STREET**
**POST OFFICE BOX 157**
**ABERDEEN MS 39730**
**662/369-8533**
**MSB NO. 5073**